IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KCI AUTO AUCTION, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Judgment Creditor, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 19-1138-EFM-GEB |
|  | ) |  |
| ALONZO D. ANDERSON. | ) |  |
|  | ) |  |
| Judgment Debtor. | ) |  |
|  | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Judgment Creditor KCI Auto Auction, Inc.'s Motion to Compel and Request for Sanctions against Judgment Debtor Alonzo Anderson and Suggestions in Support of the Same ("Motion to Compel and Request for Sanctions") (**ECF No. 16**). Due to the Judgment Debtor's failure to respond to the discovery requests at issue and failure to respond to the Motion to Compel and Request for Sanctions, this Court ordered him to appear in-person on October 4, 2019 to show cause why the Motion to Compel and Request for Sanctions should not be granted as unopposed.

Judgment Creditor, KCI Auto Auction, Inc., appeared through counsel, Shawn E. Stewart for the October 4, 2019 hearing. Judgment Debtor Alonzo Anderson failed to appear at the October 4, 2019 hearing. After consideration of the Motion to Compel and Request for Sanctions, all exhibits, and the arguments made at the October 4, 2019 hearing, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Compel and Request for Sanctions.

1

I.      **Background**

On July 17, 2018, Judgment Creditor KCI Auto Auction, Inc. ("KCI") registered a foreign judgment in this Court for enforcement against Judgment Debtor Alonzo Anderson ("Anderson").[1] The foreign judgment stems from a case filed by KCI against Anderson in the United States District Court for the Western District of Missouri, captioned *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL.

In that case, KCI brought a diversity action against Anderson, along with seven other individuals and three entities, for breach of contract, action on account, promissory estoppel, account stated, fraudulent misrepresentation, fraudulent conveyance, unjust enrichment and quantum merit, conversion, replevin, civil conspiracy, constructive trust, injunctive relief, negligence per se and alter ego/piercing the corporate veil.[2] These allegations arise from certain business transactions and dealings involving motor vehicles that Anderson and the other defendants purchased from KCI.[3] Highly Summarized, KCI, a wholesale motor vehicle auctioneer located in Missouri, sold vehicles to Anderson and the other defendants pursuant to a "floor plan" account for which Anderson and the other defendants, after taking possession of the vehicles, allegedly did not pay in full.[4]

---

[1] ECF No. 1.
[2] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.), *see generally* First Amended Complaint (ECF No. 41, filed Sept. 12, 2017).
[3] *Id.*
[4] *Id.* at Order on Plaintiff KCI Auto Auction's Motion for Summary Judgment, pp. 1-3 (ECF No. 115, filed April 13, 2018).

Litigation on the merits of KCI's claims against Anderson[5] ended after the Western District of Missouri Court granted KCI's motion for summary judgment on April 13, 2018.[6] The Court found that KCI had a valid contract with Anderson as a result of an oral "floor plan" agreement made with two other defendants, who were found to be agents acting on behalf of Mr. Anderson.[7] The Court also found Anderson signed and executed an "Auction Guarantee," in which Anderson personally guaranteed full payments of any debts.[8] Thus, the Court found Anderson liable to KCI for $443,957.85 in damages.[9] This summary judgment order is the foreign judgment KCI registered in this Court for enforcement.[10]

Following the Western District of Missouri Court's summary judgment decision, KCI served Anderson with post-judgment interrogatories and requests for document production in that case. When Anderson failed to respond to the discovery, KCI filed a motion to compel, which was granted by the Western District of Missouri Court on November 17, 2018.[11] When Anderson again failed to respond to KCI's discovery despite

---

[5] KCI entered into a settlement agreement with six defendants—Angelo Jefferson, Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, and Quality Used Cars, LLC—and voluntarily dismissed two defendants, Jason and J.J. Ephrem. Default judgment was entered against two entities, Lucky 7 Used Cars, L.L.C., and Lucky 7 Discount Auto Sales LLC. *See* ECF Nos. 97, 100, 102 and 103 in *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.).
[6] *See supra* note 4.
[7] *Id.*
[8] *Id.*
[9] *Id.*; Anderson appealed the summary judgment decision, but the appeal was dismissed for failure to prosecute. On April 15, 2019, Anderson filed a Motion for Relief from Judgment, which was denied on July 8, 2019. Anderson is appealing this denial. *See* ECF Nos. 122, 179, 200 and 203 in *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.).
[10] ECF No. 1.
[11] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.), ECF No. 134, filed November 7, 2018.

the Court's Order to do so, KCI motioned to hold Anderson in civil contempt.[12] The matter was referred to a Magistrate Judge for a hearing on January 22, 2019 for Anderson to show cause why he should not be held in contempt of Court for failure to comply with the November 17, 2018 order.[13] Anderson did not show up for the hearing. Thus, the Magistrate Judge entered a Report and Recommendation recommending the District Judge find Anderson in contempt for failure to abide by the Court's orders, and also recommending the U.S. Marshal arrest Anderson and bring him before the Court.[14]

The District Judge adopted the Report and Recommendation on March 11, 2019, finding Anderson in contempt of Court. The District Judge also ordered: (1) the U.S. Marshal to arrest Anderson and bring him before the Court; (2) for Anderson to be incarcerated until he fully answers the post-judgment discovery; and (3) monetary sanctions of $250 a day to accrue against Anderson for each day of noncompliance.[15] On March 12, 2019, the Western District of Missouri Court issued a Writ of Body Attachment for the U.S. Marshal to arrest and detain Anderson and bring him before the Court.[16] However, the U.S. Marshal could not enforce the Writ because Anderson does not reside within the jurisdictional limitations provided by Fed. R. Civ. P. 4.1(b).[17]

---

[12] *Id.* at ECF No. 135, filed November 27, 2018.
[13] *Id.* at ECF No. 141, filed January 8, 2019.
[14] *Id.* at ECF No. 145, filed January 28, 2019.
[15] *Id.* at ECF No. 158, filed March 11, 2019.
[16] *Id.* at ECF No. 165, filed March 12, 2019.
[17] *See id.* at ECF No. 167, filed March 14, 2019; *see also* KCI's Motion filed with this Court (ECF No. 16, p. 2).

After registering the foreign judgment in this Court, KCI, in an effort to learn about Anderson's assets, property and income from which the foreign judgment may be satisfied, served Anderson with a First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production of Documents in this case on March 15, 2019.[18] The discovery requests were served upon Anderson by mailing the same to his last known address.[19] Responses to the discovery requests were due April 15, 2019, but Anderson did not respond.

On May 23, 2019, KCI filed the instant Motion to Compel and Request for Sanctions. In regard to the post-judgment discovery KCI filed in this Court, KCI asks the Court to: (1) compel Anderson to respond fully, without objection, to the discovery requests; (2) impose sanctions against Anderson for his failure to respond to the discovery requests, including his arrest and incarceration and monetary sanctions of $1,000 a day until the discovery is fully answered; and (3) to order Anderson to pay KCI's attorney's fees and expenses incurred in making the instant Motion.[20] Additionally, KCI asks this Court to enforce the Contempt Order and Writ of Body Attachment issued by the Western District of Missouri by arresting and incarcerating Anderson until he purges himself of the contempt found by that Court.[21]

Because Anderson did not respond to the Motion to Compel and Request for Sanctions, this Court filed a Notice of Hearing and Order to Show Cause for Anderson to

---

[18] ECF No. 7.
[19] *Id.*
[20] ECF No. 16.
[21] *Id.*

appear in person on October 4, 2019.[22] The Court stated Anderson's failure to appear at the hearing would likely result in the Court granting KCI's Motion, as allowed by law.[23] The Notice of Hearing and Order to Show Cause was served upon Anderson by mail to his last known address.[24] Even though mailing is sufficient to accomplish service,[25] the Court also ordered the U.S. Marshal to personally serve the Notice of Hearing and Order to Show Cause on Anderson. However, Anderson evaded service.[26] KCI, through its counsel, appeared at the October 4th hearing, but Anderson failed to appear.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 69(a)(2), in "aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Here, KCI, the Judgment Creditor, has issued interrogatories pursuant to Fed. R. Civ. P. 33 and requests for production of documents pursuant to Fed. R. Civ. P. 34, to Anderson, the Judgment Debtor, in order to learn about his assets, property and income from which the foreign judgment may be satisfied.

Rules 33 and 34 each allow thirty days for responses to interrogatories and requests for production of documents.[27] Per Rule 37(a)(3)(B)(iii) and (iv), if a party fails to timely

---

[22] ECF No. 19.
[23] *Id.*
[24] *See* Notice of Mailing, filed September 13, 2019.
[25] *See* Fed. R. Civ. P. 77(d) and Fed. R. Civ. P. 5(b)(2)(C).
[26] Due to the evasiveness by Anderson, personal service was not accomplished. *See* ECF No. 21. However, as stated above, service by mail to Anderson's last known address was accomplished and is sufficient service.
[27] Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

answer an interrogatory or respond to a document request, the party seeking discovery may move for an order compelling an answer or response.[28]

## III. Duty to Confer

Before the Court can rule on the Motion, it must determine whether the parties conferred as required by Rule 37(a)(1), Rule 37(d) and D. Kan. Rule 37.2. Here, KCI asks the Court to relieve it from conferring with Anderson due to the lack of response to the discovery and Motion filed in this case, and also due to the lack of response in the Western District of Missouri case. In this circumstance, given Anderson's lack of response, ordering KCI to confer would likely be futile, and thus ruling on the merits is appropriate.[29]

## IV. Discussion

### A. KCI's Request for Anderson to Fully Respond, without Objection, to the Discovery Issued in this Court

As stated above, KCI, in this Court, served post-judgment discovery requests to Anderson on March 15, 2019, making the responses due April 15, 2019. Anderson failed to respond to the discovery requests, prompting KCI to file the instant Motion to Compel and Request for Sanctions. Anderson failed to respond to the Motion and show up for the October 4, 2019 hearing regarding the same. Thus, because of Anderson's failure to timely

---

[28] Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).
[29] *See CCPS Transp., LLC v. Sloan*, No. 12-2602, 2013 WL 2405545, at *1 (D. Kan. May 31, 2013) (stating that although the court can deny a motion on procedural grounds for failing to meet and confer, the court is within its discretion to address the merits of the argument).

respond, the Court will grant KCI's request to compel responses to the outstanding discovery requests.[30]

The Court will also grant KCI's request that Anderson answer the discovery requests without objection. Rule 33 provides the "grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[31] The same is true for requests for production of documents under Rule 34.[32] Anderson failed to respond to KCI's Motion and failed to show up for the October 4, 2019 hearing. The Court, therefore, finds Anderson has not provided good cause for why he failed to timely answer or object to any discovery request.

Accordingly, the Court orders Anderson to fully and without objection respond to KCI's First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production Documents by **November 6, 2019**. **Anderson is further ordered to bring**

---

[30] Fed. R. Civ. P. 33(b)(2) and Fed. R. Civ. P. 34(b)(2)(A) require responses within 30 days of service.
[31] Fed. R. Civ. P. 33(b)(4).
[32] *See, e.g., McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2005 WL 1606595, at *4 (D. Kan. July 8, 2005) ("A party that fails to timely object to a request for production waives the right to contest the discovery request absent a showing of good cause for the belated objections. This principle is grounded in the plain language and the advisory committee notes of the Federal Rules of Civil Procedure. Rule 34(b) requires a response to a request for production to be served 'within 30 days after the service of the request' and further states that if 'the request is objected to . . . the reasons for the objection shall be stated.' 'The procedure in Rule 34 is essentially the same as that in Rule 33 [for interrogatories] . . . and . . . the discussion in the note appended to that rule is relevant to Rule 34 as well.'") (internal citations omitted); *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-KGS, 2009 WL 10688222, at *2 (D. Kan. Nov. 25, 2009) ("A party that fails to timely object to a request for production waives the right to contest the discovery request absent a showing of good cause for the belated objections.") (internal citation omitted).

**his responses to Court on November 6, 2019 for a 10:00 AM[33] hearing regarding the same.**

**Failure to show up for the November 6, 2019 hearing with discovery responses may result in the undersigned certifying facts to the District Judge for a finding of contempt of this Court's Orders, with possible sanctions to include monetary fines and/or incarceration.**

### B. KCI's Request for Sanctions for Failure to Answer the Discovery Issued in this Court

As sanctions for Anderson's failure to respond to the post-judgment discovery filed in this Court, KCI requests the Court to: (1) order Anderson's arrest and incarceration and to impose monetary sanctions of $1,000 a day until the discovery is fully answered; and (2) order Anderson to pay reasonable expenses, including attorney's fees, caused by Anderson's failure to respond to the post-judgment discovery requests.

Rule 37(d) allows for sanctions when a party fails to respond to discovery after being properly served. Specifically, Rule 37(d)(3) states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

---

[33] **Note this is a change in date than what was stated during the October 4th hearing. During the October 4th hearing, a follow-up hearing was set for November 5, 2019 at 10:00 am. However, that has been rescheduled for November 6, 2019 at 10:00 am.**

It is within the Court's discretion whether to impose sanctions.³⁴ "In considering the imposition of sanctions, the court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate."³⁵

The Court declines to grant KCI's request for Anderson to be incarcerated and fined $1,000.00 a day until the discovery is answered. The sanctions listed in Rule 37(b)(2)(A)(i)-(vi) do not include incarceration or daily monetary fines. Additionally, KCI does not cite, and this Court could not locate, any authority imposing incarceration or daily monetary fines as sanctions for failing to answer discovery requests. Instead, incarceration and daily fines normally come in relation to contempt orders, meaning the party would have to violate an order of this Court and be held in contempt before incarceration and imposition of daily monetary sanctions may occur.³⁶

However, the Court does find it appropriate to order Anderson to pay KCI's reasonable expenses, including attorney fees, caused by Anderson's failure to respond to the discovery requests issued in this Court. The Court finds Anderson was properly served with the post-judgment discovery requests upon KCI's mailing of the requests to his last known address.³⁷ Furthermore, Anderson did not respond to the Motion to Compel and Request for Sanctions or show up for the October 4, 2019 hearing. Thus, the Court finds

---

³⁴ *See, e.g., Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999).
³⁵ *Id.* (internal citations omitted).
³⁶ *See, e.g.,* 18 USC § 401(3) (stating courts "shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.").
³⁷ ECF No. 7; *see* Fed. R. Civ. P. 5(a)(1)(C), (b)(2)(C).

he has failed to present any reason for why his failure to respond was substantially justified and failed to present any circumstances making an award of sanctions unjust.

  C. **KCI's Request for this Court to Enforce the Contempt Order and Writ of Body Attachment Issued by the Western District of Missouri**

In its Motion to Compel and Request for Sanctions, KCI also asks this Court to enforce the Contempt Order and Writ of Body Attachment issued by the Western District of Missouri Court by arresting and incarcerating Anderson until Anderson purges himself of the contempt found by the Western District of Missouri Court. Federal Rule 4.1(b), which regards enforcement of civil contempt orders, states:

> An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. **Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.**[38]

Here, as stated above, the Contempt Order and Writ of Body Attachment were issued by the Western District of Missouri Court. The underlying case in the Western District of Missouri is based on diversity jurisdiction.[39] Courts construe contempt orders regarding diversity cases as falling under the second sentence bolded above.[40]

---

[38] Fed. R. Civ. P. 4.1(b) (emphasis added).

[39] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.), First Amended Complaint, ¶ 15 (ECF No. 41, filed Sept. 12, 2017).

[40] *See, e.g., ClearOne Commc'ns, Inc. v. Chiang*, 617 F. App'x 862, 866 (10th Cir. 2015) (Fed. R. Civ. P. 4.1(b) speaks "to limits on the service and enforceability of an order committing a person for civil contempt in a case that does not involve a federal question. . . . The limits in Rule 4.1(b) precluded the district court from executing the civil contempt bench warrant it issued in October 2010."); *Spectacular Venture, L.P. v. World Star Int'l, Inc*., No. 94 CIV. 8917 (JGK), 1998 WL 401535, at *3 (S.D.N.Y. July 17, 1998) ("Finally, Reynolds could not be arrested for civil contempt because, as Judge Kaplan noted, Federal Rule of Civil Procedure 4.1 requires that orders

11

Thus, for these Western District of Missouri orders to be served and enforceable upon Anderson, he must be located in the State of Missouri or within 100 miles from where the Contempt Order and Writ were issued. However, Anderson resides in Wichita, Kansas, which is not within the State of Missouri. Additionally, the Contempt Order and Writ were issued by District Judge Nanette K. Laughrey, who sits in the Jefferson City, Missouri federal courthouse. The Jefferson City, Missouri federal courthouse is more than 100 miles from Anderson's residence in Wichita, Kansas.[41]

Therefore, because Anderson does not live within the jurisdictional limitations prescribed by Rule 4.1(b), this Court cannot serve and enforce the Western District of Missouri's Contempt Order and Writ upon Anderson. It is against the plain language of Rule 4.1(b).[42]

---

of civil commitment of a person held in contempt of an order entered in a diversity case must be served in the state in which the court issuing the order is located or within 100 miles of that Court. Because the underlying litigation in this case was heard in the Southern District of New York pursuant to the Court's diversity jurisdiction, any order of civil commitment of Reynolds must be served in the State of New York or within 100 miles of the Southern District of New York. However, as Judge Kaplan previously found, Reynolds is a citizen of Texas and is outside the territorial limits of this District for arrest for civil contempt. Thus, bringing a criminal contempt could be viewed as an inappropriate attempt to avoid the limits on arrest for civil contempt set forth in the Federal Rules of Civil Procedure."); *Dissolved Air Flotation Corp. v. Kothari,* No. 14-C-1223, 2019 WL 3017108, at *2 (E.D. Wis. July 10, 2019) (court found it lacked authority to issue bench warrants for civil contempt pursuant to Rule 4.1(b) because the underlying case was a diversity case and the defendants resided outside the territorial limits); *SD Prot., Inc. v. Del Rio*, 587 F. Supp. 2d 429, 435 (E.D.N.Y. 2008) (same).

[41] Anderson resides at 2551 N. Dellrose, Wichita, Kansas 67220. The Western District of Missouri federal courthouse closest to Wichita, Kansas is the courthouse in Kansas City, Missouri. However, this courthouse is also located more than 100 miles from Anderson's residence in Wichita, Kansas.

[42] *See* cases cited *supra* note 40.

Additionally, contempt proceedings must be brought in the court that was allegedly defied by the contemptuous act.[43] Thus, until Anderson has been held in contempt for defying an order of this Court, the undersigned cannot recommend enforcement of an order of contempt for his imprisonment.

Finally, the Court notes that KCI argues the Full Faith and Credit Clause and comity allow this Court to enforce the Western District of Missouri's Contempt Order and Writ of Body Attachment. However, KCI cites no authority, and this Court could locate none, stretching these doctrines to include enforcement of civil contempt orders.[44] As stated above, doing so would violate Rule 4.1(b).

**IT IS THEREFORE ORDERED** that KCI's Motion to Compel and Request for Sanctions against Judgment Debtor Alonzo Anderson and Suggestions in Support of the

---

[43] Fed. R. Civ. P. 4.1, 1993 Advisory Committee Notes ("Contempt proceedings, whether civil or criminal, must be brought in the court that was allegedly defied by a contumacious act").

[44] Full Faith and Credit and comity generally deal with enforcement of state court judgments. The Western District of Missouri's contempt order and writ are not state court judgments. *See, e.g., Leathers v. Leathers*, No. 08-1213-WEB, 2010 WL 1936137, at *21 (D. Kan. May 13, 2010) ("The Full Faith and Credit Clause requires that 'Full Faith and Credit shall be given in each State to the Judicial Proceedings of every other State.' U.S. Const. Art. IV, s 1. Full faith and credit must be given by federal courts to state court judgments."); *Swisher v. Maschner*, No. 85-3076-S, 1989 WL 73316, at *4 (D. Kan. June 26, 1989) (regarding the Full Faith and Credit Clause, "[i]t is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Davis v. California*, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *5 (D. Kan. Oct. 20, 2017) ("Comity is a prudential doctrine that 'counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction.' The doctrine reflects 'a proper respect for state functions, a recognition of the fact that the entire country is made of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.'"); *Rainbod Trout Farms, Inc. v. Brownback*, No. 11-1290-RDR, 2012 WL 3879890, at *4 (D. Kan. Sept. 6, 2012) ("[T]he comity doctrine precludes the exercise of federal court authority when state courts are available to hear and decide plaintiffs' claims.").

Same (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**. Alonzo Anderson shall fully and without objection respond to KCI's post-judgment interrogatories and requests for production of documents issued in this Court by **November 6 2019, and shall bring such responses to the in-person hearing set for November 6, 2019 at 10:00 AM.**[45] Alonzo Anderson is also ordered to pay KCI's reasonable expenses, including attorney's fees, caused by his failure to respond to the post-judgment discovery requests issued in this Court. KCI shall submit documentation regarding expenses and fees to the Court by November 6, 2019.

**IT IS FURTHER ORDERED** that the Clerk shall mail this Memorandum and Order to Alonzo Anderson at his last known address as follows:

Alonzo Anderson
2551 N. Dellrose
Wichita, KS 67220

**IT IS SO ORDERED**.

Dated this 22nd day of October, 2019 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[45] A copy of the post-judgment discovery requests issued in this Court can be found at ECF No. 16-1.