IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCI AUTO AUCTION, INC., | ) |
|       Judgment Creditor, | ) |
| vs. | ) Case No. 19-1138-EFM-GEB |
| ALONZO D. ANDERSON, | ) |
|       Judgment Debtor. | ) |

**MEMORANDUM AND ORDER
ON ATTORNEY FEES**

This matter is before the Court on Judgment Creditor KCI Auto Auction, Inc.'s Motion to Enforce Order Requiring Defendant Alonzo D. Anderson to Make Payment to KCI of the Court-Ordered Attorney Fees and Expenses (**ECF No. 25**). No response was filed by Mr. Anderson, and the Court is prepared to rule. After review of the Creditor's briefing, and consideration of all information presented in the Court's prior hearings on October 4 and November 6, 2019, the Court **GRANTS IN PART and DENIES IN PART** the motion.

I.  **Background**

The dispute between KCI Auto Auction, Inc. ("KCI") and the Judgment Debtor Alonzo D. Anderson began in the United States District Court for the Western District of Missouri in *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al.,* No. 17-06086-CV-SJ-

NKL, in July 2017.[1] In that suit, KCI brought a diversity action against Anderson and others for breach of contract and several other claims.[2] Ultimately, the District Court in the Western District of Missouri entered summary judgment in favor of KCI, finding Anderson liable to KCI for $443,957.85 in damages.[3] For a more detailed discussion of the underlying lawsuit, see this Court's Memorandum and Order filed October 22, 2019.[4]

On July 17, 2018, KCI registered the Missouri judgment in this Court for enforcement.[5] KCI made several attempts to learn about Anderson's assets, property, and income from which the foreign judgment might be satisfied.[6] When he failed to respond to discovery requests, KCI filed a motion to compel and sought sanctions.[7]

When Anderson did not respond to KCI's Motion to Compel, this Court filed a Notice of Hearing and Order to Show Cause for Anderson to appear in person on October 4, 2019.[8] KCI appeared at the October 4 hearing through its counsel but Anderson failed to appear.

After the hearing the undersigned ordered Anderson to pay KCI's attorney fees incurred in connection with his failure to respond to the discovery.[9] The Court ordered

---

[1] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, No. 17-06086-CV-SJ-NKL (W. Dist. Mo., filed July 24, 2017).
[2] *Id.* at First Am. Compl. (ECF No. 41, filed Sept. 12, 2017).
[3] *Id.* at Order on Pl.'s Motion for Sum. J. (ECF No. 115 at 1-3, filed April 13, 2018).
[4] Mem. and Order, ECF No. 23 (citing Order on Pl.'s Motion for Sum. J. in *KCI Auto Auction, Inc.*, No. 17-06086-CV-SJ-NKL (W. Dist. Mo., filed April 13, 2018)).
[5] ECF No. 1.
[6] *See, e.g.*, Applications for Writ of Execution (ECF Nos. 8, 15); Writ of General Execution (ECF No. 10); Second Writ (ECF No. 18); Certificate of Service of discovery requests (ECF No. 7).
[7] ECF No. 16.
[8] ECF No. 19.
[9] Mem. and Order, ECF No. 23 at 10-11, 14.

KCI to submit documentation regarding expenses and fees to the Court by November 6, 2019.[10]

Following the Court's Order, KCI filed its instant motion for attorney fees (ECF No. 25), to which the Court now turns.

## II.     KCI's Request

In its motion, KCI contends it will have incurred through the November 6 hearing date a total of $18,816.30 in reasonable expenses. This sum includes attorney fees at $295 per hour and expenses associated with court filings and other work pertaining to counsel's post-judgment attempts to gather information from Anderson. In Exhibit 1 attached to KCI's motion, the attorney fees and expenses are outlined by date order and briefly explained. KCI's counsel contends his hourly rate is "commensurate with the prevailing and recognized rates for attorneys of similar experience litigating in the Kansas City region."[11]

KCI asks the Court to order Alonzo D. Anderson to make payment in certified funds to KCI, within 7 days, in the amount of $18,816.30 for the payment of the Court-ordered attorney fees, costs, and expenses incurred by KCI relative to the post-judgment discovery issues as ordered by the Court in ECF No. 23. In the event Anderson fails to make such a payment, KCI asks that the Court enter contempt orders and additional sanctions, including civil and criminal contempt, which could include fines and/or incarceration.

---

[10] *Id*. at 14.
[11] ECF No. 52 at 2.

## III. Legal Standard

This Court has already determined KCI is entitled to reasonable attorney fees and expenses. The question now before the Court is how to determine the amount of those attorney fees and expenses. Reasonable attorney fees awarded for failure to respond to discovery are typically calculated using the lodestar approach.[12] The lodestar figure is computed by multiplying the reasonable hours spent by counsel on the discovery issue by a reasonable hourly rate.[13] The party seeking fees bears the burden to prove it is entitled to an award of fees, and to document the proper hours expended and hourly rates.[14] If the movant meets this burden, the lodestar amount is presumed to be a reasonable fee.[15]

There are, then, two prongs of analysis in the lodestar approach: (1) the reasonableness of the requesting attorney's hourly rate, and (2) the reasonableness of the hours spent by counsel. Each step is analyzed by the court in determining an appropriate fee.

---

[12] *Rogers v. Bank of Am., N.A.*, No. 13-1333-CM-TJJ, 2014 WL 6632944, at *1 (D. Kan. Nov. 21, 2014) (citing *Kayhill v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.,* 197 F.R.D. 454, 459 (D. Kan. 2000) (citing *Jane L. v. Bangerter,* 61 F.3d 1505, 1509 (10th Cir.1995)) (other internal citations omitted).

[13] *Id*. at *1 (citing *Kayhill,* 197 F.R.D. at 459 (citing *Jane L.*, 61 F.3d at 1509)). *See also Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.,* No. 09–2656–KHV, 2010 WL 4942110, at *4 (D. Kan. Nov. 30, 2010) (using "lodestar" method to determine reasonable attorney's fee under Fed. R. Civ. P. 37(a)(5)(C)); *see also Gudenkauf v. Stauffer Communications, Inc.*, 953 F. Supp. 1237, 1240 (D. Kan. 1997) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

[14] *Rogers*, 2014 WL 6632944, at *1 (citing *Southern Star Cent. Gas Pipeline, Inc. v. Cline,* No. 10–2233-JAR-DJW, 2014 WL 186036, at *2 (D. Kan. Jan. 15, 2014) (citing *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249–50 (10th Cir. 1998)).

[15] *Id*. (citing *Southern Star Cent. Gas Pipeline,* 2014 WL 186036, at *2 (other internal citations omitted; *see also Gudenkauf v. Stauffer Communications, Inc.*, 953 F. Supp. 1237, 1240 (D. Kan. 1997) (citing *Mertz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482, 1493 (10th Cir. 1994)).

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[16] "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[17] "Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate."[18] It is within the district court's discretion to determine the hourly rate used to determine the lodestar, because the trial judge is familiar with the case and the prevailing fee rates in the area.[19]

The second prong of the lodestar analysis is to determine whether the number of hours spent by counsel in seeking the discovery is reasonable. Again, the burden is on the party requesting fees to demonstrate the billed hour are reasonable "by submitting meticulous, contemporaneous time records that reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks."[20] In its discretion, the court also examines whether the applicant has exercised "billing judgment," and may

---

[16] *Id*. at *2 (quoting *Case,* 157 F.3d at 1256).
[17] *Id*. (quoting *Blum,* 465 U.S. at 895 n. 11).
[18] *Id*. (quoting *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir. 1998) (quoting *Case,* 157 F.3d at 1257)).
[19] *Gudenkauf,* 953 F. Supp. at 1240 (citing *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987)).
[20] *Rogers*, 2014 WL 6632944, at *2 (quoting *Case,* 157 F.3d at 1250).

reduce the number of hours devoted to specific tasks if the number of hours claimed by counsel includes hours that were "unnecessary, irrelevant, and duplicative."[21] If the court reduces the number of hours claimed by counsel, "the court need not identify and justify each disallowed hour but need only articulate reasons for a general reduction of hours needed to arrive at a reasonable number of hours."[22] The court is justified in reducing the reasonable number of hours if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time.[23]

## IV. Discussion

With these legal principles in mind, the Court turns to KCI's request for attorney fees and expenses. As noted above, KCI seeks $18,816.30 in fees and expenses.[24] This sum is comprised of $968.80 for various expenses, including: postage ($20.57); photocopies ($128.23); travel expenses ($370) (mileage between counsel's office in Shawnee, Kansas and the Wichita courthouse); and vehicle title certifications ($450). The remainder of the fee request consists of $17,847.50 in attorney fees. KCI is represented by attorney Shawn E. Stewart of the Stewart Law Firm, L.C., which billed 60.50 hours for the time spent on matters related to post-judgment discovery issues. In its motion, KCI asserts $295 per hour is the prevailing rate for attorneys of similar experience litigating in the Kansas City area.[25]

---

[21] *Id.* (citing *Case,* 157 F.3d at 1250*; Carter v. Sedgwick Cnty., Kan.,* 36 F.3d 952, 956 (10th Cir. 1994).
[22] *Id.* (citing *Case,* 157 F.3d at 1250).
[23] *Id.*; *see also Smith v. Century Concrete, Inc.*, No. 05-2105-JAR, 2007 WL 2155680 at *1 (July 25, 2007) (internal citations omitted).
[24] ECF No. 25 at 1. See Exhibit 1 for detailed list of expenses.
[25] ECF No. 52 at ¶ 3.

As part of the discussion regarding the attorney fees and expenses requested in this matter, it must be noted that KCI filed a companion lawsuit to this case: *KCI Auto Auction, Inc. v. Tom Ephrem, et al.*, No. 19-1040-EFM-GEB.[26] Although the Missouri court entered summary judgment against Anderson, several other defendants entered into a settlement agreement with KCI, including: Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, Angelo Jefferson, and Quality Used Cars, LLC.[27] To enforce the Consent Judgment against those Judgment Debtors, KCI registered that judgment separately.[28] In *KCI v. Ephrem*, like this case, KCI was unable to gather post-judgment discovery from the Judgment Debtors. KCI filed a motion to compel them to respond to discovery and asked the Court to order the Debtors to show cause.[29] Both the instant matter and the *Ephrem* case were heard together on October 4, 2019, but all Judgment Debtors except Barry Ristick failed to appear.[30] The Court entered an order directing Tom Ephrem, David Ephrem, Danny Ephrem, Angelo Jefferson, and Quality Used Cars, LLC to pay KCI's reasonable expenses, including attorney fees, for their failure to respond to discovery.[31]

---

[26] *KCI Auto Auction, Inc. v. Tom Ephrem, et al.*, No. 19-1040-EFM-GEB (D. Kan. filed Feb. 22, 2019). A third case, *KCI Auto Auction, Inc. v. Alonzo Anderson, et al.*, No. 19-1137-EFM-GEB (D. Kan. filed Feb. 16, 2018), naming Anderson as well as the parties listed in No. 19-1040 and Lucky 7 Used Cars, was also filed. However, the Judgment Creditor has not pursued court action in No. 19-1137. Both the -1137 and -1138 cases were initially filed in 2018 in the District of Kansas with assigned "miscellaneous" action case numbers; however, when the matters became contested, the miscellaneous actions were converted into regular civil actions; hence the "19" case numbers.
[27] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.) (*see* Consent Judgment, ECF No. 97, filed Jan. 5, 2018).
[28] *KCI Auto Auction, Inc. v. Tom Ephrem, et al.*, No. 19-1040-EFM-GEB (D. Kan. filed Feb. 22, 2019).
[29] *Id*. at Motion to Compel and Request for Sanctions (ECF No. 40, filed June 4, 2019).
[30] *See id*. at Mem. and Order (ECF No. 50, filed Oct. 22, 2019).
[31] *Id*.

KCI responded by filing a similar motion for attorney fees and expenses, in which it requested a total of $19,126.21.[32]

Like Anderson, the *Ephrem* Judgment Debtors were ordered to appear on November 6, 2019 with discovery responses in hand. Although all Debtors except Angelo Jefferson appeared, none brought discovery responses and KCI gained little to no usable information during the November 6 hearing when the cases were again heard together. Given the related nature of this action and the simultaneous hearings, the Court must take this companion matter into consideration when reviewing the fees requested in both cases.

**A. Lodestar Analysis**

**1. Reasonable Hourly Rate**

The first prong of the Court's analysis in determining the lodestar is to examine the hourly rate charged by requesting counsel. Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community."[33] Unfortunately, Mr. Stewart did not provide any evidence or sworn affidavits to support his claim that his rate is in line with the prevailing market rate. However, this is not fatal to his claim. If the Court is not provided adequate evidence of prevailing market rates, the Court may, in its discretion, use other relevant factors, including its own knowledge, to establish the rate.[34] The Court, based on its knowledge and experience, agrees $295 per hour is a reasonable rate for the Kansas City area and counsel's expertise and experience. Additionally, in a 2017 opinion

---

[32] *Id.* at Motion for Attorney Fees (ECF No. 52, filed Nov. 5, 2019).
[33] *Rogers*, 2014 WL 6632944, at *2 (citing *Blum,* 465 U.S. at 895).
[34] *Id.* (quoting *Ellis,* 163 F.3d at 1203 (quoting *Case,* 157 F.3d at 1257)).

from this District, the market rates of lawyers in the Kansas City metropolitan area were thoroughly examined. Following that guidance, it appears the $295 per hour rate sought by KCI is reasonable, and in fact less than, the rates awarded in that case three years ago.[35] Therefore, in light of this previous analysis of that case and given its knowledge and experience, the Court finds $295 per hour to be a reasonable rate.

### 2. Reasonable Hours Expended

Having found counsel's hourly rate to be reasonable, the Court turns to whether the number of hours expended by counsel were reasonable. As noted above, in its discretion, "[t]he Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary."[36] This forms the basis of the Court's primary concern for this fee request: many of the same billing entries requested in *KCI v. Ephrem*, No. 19-1040-EFM-GEB, are also claimed in this matter.[37] In fact, the bulk of entries on the two requests are identical from September 13, 2019 through November 6, 2019.[38] The following billing entries are identical in both cases:

- 46.5 hours of attorney time (totaling $13,717.50);
- $128.23 for photocopies (dated October 4, 2019);
- $185 mileage (for the October 4, 2019 hearing);

---

[35] *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1271 (D. Kan. 2017). As a result of the disputed rates and supporting evidence provided by opposing parties, the court in *Fox* thoroughly examined the market rates of lawyers in the Kansas City metro area and awarded counsel an hourly rate ranging from $350 per hour to $400 per hour.
[36] *Rogers*, 2014 WL 6632944, at *3 (citing, *e.g., Hensley*, 461 U.S. at 433).
[37] *Compare* Case No. 19-1040, ECF 52-1 *with* Case No. 19-1138, ECF No. 25-1.
[38] *Id*.

- $450 Vehicle title certification (dated October 30, 2019); and
- $185 mileage (for the November 6, 2019 hearing).

The Court does not deny that Mr. Stewart should be appropriately reimbursed for his expenses. However, these items were billed twice—the same activity was sought from the Judgment Debtors in both cases. Therefore, in its discretion, the Court reduces these billed expenses by half to account for such duplication.

In addition to this reduction, the Court also compares those billed items that were not completely identical in both cases. Although the remainder of the charges were not entirely identical, in both this case and No. 19-1040-EFM-GEB, the same counsel prepared a substantially similar motion to compel in each case—but charged each matter separately as if preparing a new motion in each respective case. For example, in this action, counsel charged as follows:

- 6.0 hours for motion to compel (May 22, 2019); and
- 8.0 hours for motion to compel and request for sanctions (May 23, 2019).

This brings the total number of hours spent on the motion to compel in this case to 14 hours of attorney time. And if that were all the time spent, the Court may not raise an eyebrow. But in No. 19-1040-EFM-GEB, counsel charges a total of 12 hours preparing *that* motion to compel.[39] When comparing the motions filed in each case, the Court notes there are some differences; however, the law cited in each is similar if not identical in parts, and the

---

[39] *See* No. 19-1040-EFM-GEB, ECF No. 52-1 (Ex. 1). In that case, counsel charged the following: 5.25 hours preparing a motion to compel on June 4, 2019; 1.75 hours to research and review caselaw on sufficiency of mailing notice of motion to compel on June 7, 2019; and 5 hours of research on the same topic on June 17, 2019, for a total of 12 hours preparing the motion to compel.

motions stem from the same Missouri action on the same set of facts. In sum, counsel billed 26 hours to prepare two motions to compel that were substantially similar. For this reason, the Court finds the hours to be duplicative and unnecessary, and will also reduce by half the number of hours counsel spent working on the motion to compel. In this matter, the Court will permit 7 hours of attorney time between May 22 and May 23, 2019 for preparation of the motion to compel.

B. **Permitted Fees and Expenses**

In the Court's discretion, applying the above reasoning and upon a detailed review of counsel's billing statement, the Court find the following charges should be included as reasonably incurred by Judgment Creditor KCI for Anderson's failure to respond to discovery:

| Date | Hours/Expense | Allowed Amount |
|---|---|---|
| May 22, 2019 | 3.0 hours (work on motion to compel) | $885.00 |
| May 23, 2019 | 4.0 hours (work on motion to compel & for sanctions) | $1,180.00 |
| May 23, 2019 | USPS Postage | $20.57 |
| Sept. 13, 2019 | .25 hours (review order issued by Court) | $73.75 |
| Oct. 4, 2019 | 5.375 hours (prepare for show cause hearing) | $1,585.63 |
| Oct. 4, 2019 | Photocopy expenses | $64.12 |
| Oct. 4, 2019 | Mileage – travel | $92.50 |
| Oct. 5, 2019 | 5.0 hours (travel to Wichita for hearing; investigate vehicles at Judgment Debtor properties) | $1,475.00 |

| Oct. 22, 2019 | .25 hours (review order issued by Court) | $73.75 |
| Oct. 30, 2019 | 2.0 hours (travel to Topeka; obtain information from Kansas Vehicle Title Service, Motor Vehicle Division) | $590.00 |
| Oct. 30, 2019 | Vehicle Title Certifications (for Judgment Debtor vehicle information) | $225.00 |
| Nov. 5, 2019 | .75 hours (draft Motion to Enforce) | $221.25 |
| Nov. 5, 2019 | 4.625 hours (prepare for Nov. 6 hearing) | $1,364.38 |
| Nov. 6, 2019 | 5.0 hours (travel to Wichita and presentation of argument at hearing) | $1,475.00 |
| Nov. 6, 2019 | Mileage – travel | $92.50 |
| | **TOTAL:** | **$9,418.45** |

## V. Conclusion

For the above reasons, the Court **grants** KCI's motion **in part** and finds Alonzo D. Anderson to be liable for the fees incurred by KCI's counsel in attempting to discover relevant and appropriate post-judgment information from him. The motion is **denied in part** in that the fee award is reduced to $9,418.45 and the payment is expected to be made to KCI within 21 days of the filing of this order. In the event Anderson fails to make such a payment, the Court will recommend additional contempt orders.[40]

---

[40] By separate order, the undersigned U.S. Magistrate Judge is filing an Order Certifying Facts to the District Judge recommending contempt (ECF No. 27) contemporaneously with this order.

**IT IS THEREFORE ORDERED** that KCI's Motion to Enforce Order Requiring Defendant Alonzo D. Anderson to Make Payment to KCI of the Court-Ordered Attorney Fees, Costs, and Expenses (**ECF No. 25**) is **GRANTED IN PART AND DENIED IN PART** as outlined above. Alonzo D. Anderson is **ORDERED** to make payment to KCI in the amount of **$9,418.45 within 21 days** of the filing of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail this Memorandum and Order to Alonzo D. Anderson at his last known address as follows:

> Alonzo D. Anderson
> 2551 N. Dellrose St.
> Wichita, KS 67220

**IT IS SO ORDERED**.

Dated this 11th day of March, 2020 at Wichita, Kansas.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge