# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCI AUTO AUCTION, INC., | ) |
|         Judgment Creditor, | ) |
| vs. | ) Case No. 19-1138-EFM-GEB |
| ALONZO D. ANDERSON, | ) |
|         Judgment Debtor. | ) |

## ORDER CERTIFYING FACTS
## Pursuant to 28 U.S.C. § 636(e)(6)

This matter is before the Court on the Judgment Creditor's Motion to Compel and Request for Sanctions against Judgment Debtor Alonzo Anderson for Failure to Respond to Discovery Requests (ECF No. 16), the undersigned Magistrate Judge's Order granting (in large part) that motion (ECF No. 23), and the Judgment Debtor's failure to respond to, and comply with, that Order.

**Upon review of the files and records of the Court, the undersigned Magistrate Judge certifies the following to the Honorable Eric F. Melgren, United States District Court Judge**:

### I.   Certification of Facts

On July 17, 2018, Judgment Creditor KCI Auto Auction, Inc. ("KCI") registered a foreign judgment in this Court for enforcement against Judgment Debtor Alonzo

Anderson ("Anderson").[1] The foreign judgment stems from a case filed by KCI against Anderson in the United States District Court for the Western District of Missouri, captioned *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, No. 17-06086-CV-SJ-NKL.[2]

### A. Western District of Missouri Lawsuit

In that case, KCI brought suit against Anderson, along with seven other individuals and three entities, for breach of contract, action on account, promissory estoppel, account stated, fraudulent misrepresentation, fraudulent conveyance, unjust enrichment and quantum merit, conversion, replevin, civil conspiracy, constructive trust, injunctive relief, negligence per se and alter ego/piercing the corporate veil.[3] These allegations arise from certain business transactions and dealings involving motor vehicles that Anderson and the other defendants purchased from KCI.[4] Highly summarized, KCI, a wholesale motor vehicle auctioneer located in Missouri, sold vehicles to Anderson and the other defendants pursuant to a "floor plan" credit account for which Anderson and the other defendants, after taking possession of the vehicles, allegedly did not pay in full.[5]

---

[1] ECF No. 1. This case was initially filed in 2018 in the District of Kansas with an assigned "miscellaneous" action case number; however, when the matter became contested, the miscellaneous action was converted into a regular civil action; hence the "19" case numbers.
[2] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, No. 17-06086-CV-SJ-NKL (W. Dist. Mo., filed July 24, 2017).
[3] *Id.* at First Am. Compl. (ECF No. 41, filed Sept. 12, 2017).
[4] *Id.*
[5] *Id.* at Order on Pl.'s Motion for Sum. J. (ECF No. 115 at 1-3, filed April 13, 2018).

Litigation on the merits of KCI's claims against Anderson[6] ended after the Western District of Missouri Court granted KCI's motion for summary judgment on April 13, 2018.[7] The Court found KCI had a valid contract with Anderson as a result of an oral "floor plan" agreement made with two other defendants, who were found to be agents acting on behalf of Mr. Anderson.[8] The Court also found Anderson signed and executed an "Auction Guarantee," in which Anderson personally guaranteed full payments of any debts.[9] Thus, the Court found Anderson liable to KCI for $443,957.85 in damages.[10] This summary judgment order is the foreign judgment KCI registered in this Court for enforcement.[11]

Following the Western District of Missouri Court's summary judgment decision, KCI served Anderson with post-judgment interrogatories and requests for document production in that case. When Anderson failed to respond to the discovery, KCI filed a motion to compel, which was granted by the Western District of Missouri Court on

---

[6] KCI entered into a settlement agreement with six defendants—Angelo Jefferson, Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, and Quality Used Cars, LLC—and voluntarily dismissed two defendants, Jason and J.J. Ephrem. Default judgment was entered against two entities, Lucky 7 Used Cars, L.L.C., and Lucky 7 Discount Auto Sales LLC. *See* ECF Nos. 97, 100, 102 and 103 in *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.).

[7] *See supra* note 5.

[8] *Id*.

[9] *Id*.

[10] *Id*. Anderson appealed the summary judgment decision, but the appeal was dismissed for failure to prosecute. On April 15, 2019, Anderson filed a Motion for Relief from Judgment, which was denied on July 8, 2019. Anderson is appealing this denial to the 8th Circuit Court of Appeals. *See* ECF Nos. 122, 179, 200 and 203 in *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.). At the date of the writing of this order, his appeal remains pending.

[11] ECF No. 1.

November 17, 2018.[12] When Anderson again failed to respond to KCI's discovery despite the Court's Order to do so, KCI filed a motion seeking to hold Anderson in civil contempt.[13] The matter was referred to a Magistrate Judge for a hearing on January 22, 2019 for Anderson to show cause why he should not be held in contempt of Court for failure to comply with the November 17, 2018 order.[14] Anderson did not appear for the hearing. As a result, the Magistrate Judge entered a Report and Recommendation recommending the District Judge find Anderson in contempt for failure to abide by the Court's orders, and also recommending the U.S. Marshal arrest Anderson and bring him before the Court.[15]

The District Judge adopted the Report and Recommendation on March 11, 2019, finding Anderson in contempt of Court. The District Judge also ordered: (1) the U.S. Marshal to arrest Anderson and bring him before the Court; (2) for Anderson to be incarcerated until he fully answers the post-judgment discovery; and (3) monetary sanctions of $250 a day to accrue against Anderson for each day of noncompliance.[16] On March 12, 2019, the Western District of Missouri Court issued a Writ of Body Attachment for the U.S. Marshal to arrest and detain Anderson and bring him before the

---

[12] *KCI Auto Auction, Inc. v. Alonzo D. Anderson, et al*, Case Number 17-06086-CV-SJ-NKL (W. Dist. Mo.), at Order on Motion to Compel (ECF No. 134, filed Nov. 7, 2018).
[13] *Id*. at Motion to Enforce Order/Judgment for Civil Contempt and Order for Sanctions (ECF No. 135, filed Nov. 27, 2018).
[14] *Id*. at Order (ECF No. 141, filed Jan. 8, 2019).
[15] *Id*. at Report and Recommendation (ECF No. 145, filed Jan. 28, 2019).
[16] *Id*. at Order (ECF No. 158, filed Mar. 11, 2019).

Court.[17] However, the U.S. Marshal could not enforce the Writ because Anderson does not reside within the jurisdictional limitations provided by Fed. R. Civ. P. 4.1(b).[18]

B. **District of Kansas Case**

On July 17, 2018, KCI registered the Missouri judgment in this Court for enforcement.[19] In an effort to learn about Anderson's assets, property and income from which the foreign judgment may be satisfied, KCI served Anderson with a First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production of Documents in this case on March 15, 2019.[20] The discovery requests were served upon Anderson by mailing the same to his last known address.[21] Responses to the discovery requests were due April 15, 2019, but Anderson did not respond.

On May 23, 2019, KCI filed a Motion to Compel and Request for Sanctions. In regard to the post-judgment discovery KCI filed in this Court, KCI asked the Court to: (1) compel Anderson to respond fully, without objection, to the discovery requests; (2) impose sanctions against Anderson for his failure to respond to the discovery requests, including his arrest and incarceration and monetary sanctions of $1,000 a day until the discovery is fully answered; and (3) to order Anderson to pay KCI's attorney's fees and expenses incurred in making the instant Motion.[22] Additionally, KCI asked this Court to enforce the Contempt Order and Writ of Body Attachment issued by the Western District

---

[17] *Id.* at Order (ECF No. 158, filed Mar. 11, 2019).
[18] *See id.* at Minute Entry (ECF No. 167, filed Mar. 14, 2019); *see also* KCI's Motion filed with this Court (ECF No. 16 at 2).
[19] ECF No. 1.
[20] ECF No. 7.
[21] *Id.*
[22] ECF No. 16.

of Missouri by arresting and incarcerating Anderson until he purges himself of the contempt found by that Court.[23]

Because Anderson did not respond to the Motion to Compel and Request for Sanctions, this Court filed a Notice of Hearing and Order to Show Cause for Anderson to appear in person on October 4, 2019.[24] The Court stated Anderson's failure to appear at the hearing would likely result in the Court granting KCI's Motion, as allowed by law.[25] The Notice of Hearing and Order to Show Cause was served upon Anderson by mail to his last known address.[26] Although mailing is sufficient to accomplish service,[27] the Court also ordered the U.S. Marshal to personally serve the Notice of Hearing and Order to Show Cause on Anderson. However, Anderson evaded service.[28]

### 1. October 4, 2019 Hearing

KCI, through its counsel, appeared at the October 4 hearing, but Anderson failed to appear. After consideration of the briefing and the arguments made at the October 4 hearing, the Court granted in part and denied in part the Motion to Compel and Request for Sanctions against Judgment Debtor Alonzo Anderson.[29] Anderson was ordered to fully and without objection respond to KCI's First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production of Documents by November 6,

---

[23] *Id.*
[24] ECF No. 19.
[25] *Id.*
[26] *See* Notice of Mailing, filed Sept. 13, 2019.
[27] *See* Fed. R. Civ. P. 77(d) and Fed. R. Civ. P. 5(b)(2)(C).
[28] Due to the evasiveness by Anderson, personal service was not accomplished. *See* ECF No. 21. However, as stated above, service by mail to Anderson's last known address was accomplished and is sufficient service.
[29] Mem. and Order, ECF No. 23.

2019.³⁰  The undersigned U.S. Magistrate Judge entered an order requiring Anderson to bring the required responses to Court on November 6, 2019 for an in-person hearing regarding the same.³¹  The order clearly cautioned Anderson that failure to attend the November 6 hearing with discovery responses in hand may result in a recommendation of contempt to the District Judge, with potential sanctions to include monetary fines and/or incarceration.³²

The undersigned also ordered Anderson to pay KCI's attorney fees incurred in connection with Anderson's failure to respond to the post-judgment discovery requests issued in this Court.³³  Following this order, KCI filed a motion for attorney fees,³⁴ and the Court grants in part and denies in part that motion by separate order filed simultaneously with the instant Order. (Mem. and Order, ECF No. 26.)

### 2. November 6, 2019 Hearing

During the November 6 hearing, attorney Shawn Stewart again appeared on behalf of KCI.³⁵  Both this case and a related case, *KCI Auto Auction, Inc. v. Tom Ephrem*, *et al.*, No. 19-1040-EFM-GEB³⁶ were set for simultaneous hearing.  In that case, Judgment Debtors Tom Ephrem, David Ephrem, Danny Ephrem, and Barry Ristick appeared in person.  Judgment Debtor Angelo Jefferson also appeared in person on his own behalf

---

³⁰ *Id.* at 8.
³¹ *Id.* at 8-9; *see also* Order and Notice of Hearing, ECF No. 24.
³² Mem. and Order, ECF No. 23 at 9.
³³ *Id.* at 10-11, 14.
³⁴ ECF No. 25.
³⁵ Recording of hearing (November 6, 2019, tape no. 10:10-3:58).  The hearing was recorded, but not transcribed.  If any party wishes to purchase a written transcription, it may contact the chambers of the undersigned for more information.
³⁶ *KCI Auto Auction, Inc. v. Tom Ephrem*, *et al.*, No. 19-1040-EFM-GEB (D. Kan. filed Feb. 2, 2019).

and on behalf of Quality Used Cars, LLC. However, Anderson did not appear, and although the hearing lasted nearly four hours in total,[37] Mr. Stewart gained very little if any usable information related to the discovery sought.[38]

### C. Conclusion

To date, despite his considerable efforts and the multiple orders of the undersigned, counsel for KCI has received not a single response to his requests for information from Alonzo Anderson. Mr. Stewart proffered that he has worked "tirelessly" to investigate and review public records in an attempt to gain information about the Debtors' assets in these cases, including the case against Mr. Anderson.[39] But to date, Mr. Anderson has evaded service and completely failed to respond to the orders of this Court, continuing his disregard for court orders which began in the Western District of Missouri. Because Judgment Debtor Alonzo Anderson failed to appear and failed to produce documents as ordered, the undersigned U.S. Magistrate Judge recommends he be found in contempt of this Court's orders.

## II. Contempt Authority of United States Magistrate Judges

Generally, United States Magistrate Judges only possess ""the power to exercise contempt authority as set out in [28 U.S.C. § 636(e)]."[40] Subsections (2) through (5) of § 636(e) outline the magistrate judge's direct authority to find contempt in situations

---

[37] *Id*. at Minute Entry (ECF No. 60, filed Nov. 6, 2019).
[38] *Id*. at Order Certifying Facts (ECF No. 61, filed Mar. 6, 2020).
[39] *Id*. at 10:20.
[40] *E.E.O.C. v. Midwest Health Inc.*, No. 12-MC-240-KHV-GLR, 2013 WL 1502075, at *1 (D. Kan. Apr. 11, 2013) (citing 28 U.S.C. § 636(e)(1)).

inapplicable to the current matter.[41] Subsection (6) outlines three instances in which the magistrate judge hears a matter under § 636(b) and encounters circumstances constituting contempt:

> (i) when the alleged act constitutes a serious criminal contempt committed in the presence of the magistrate judge; (ii) when the alleged act constitutes a criminal contempt but occurred outside the presence of the magistrate judge; and (iii) when the act constitutes a civil contempt.[42]

If the magistrate judge believes an act constituting contempt has been committed, the "magistrate is authorized to certify the facts to the district court and issue an order requiring the party to appear before that court. The power to take evidence and determine punishment, however, is committed only to the district court."[43]

## III. Conclusion

Given the authority vested in me under 28 U.S.C. § 636(e), and the facts certified above, I further certify to you that it is appropriate for a United States Marshal or a Deputy United States Marshal to serve a Show Cause Order on Alonzo D. Anderson, requiring him to appear before a District Judge of this Court at a time and place to be scheduled by the Court to show cause why he should not be held in contempt or why other appropriate sanctions should not be imposed by the Court.

---

[41] *See* § 636(e)(2)-(5) (discussing, in subsection (2), the summary criminal contempt authority for actions taken in the presence of the magistrate judge, and in subsections (3) and (4) the criminal and civil contempt authority in civil consent and misdemeanor cases; and in subsection (5), penalties for criminal contempt).

[42] *Midwest Health Inc.*, 2013 WL 1502075, at *2 (citing 28 U.S.C. § 636(e)(B)(i)-(iii)).

[43] *Clark v. Poulton*, 963 F.2d 1361, 1375 (10th Cir. 1992) (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888 (3d Cir. 1992); discussing in *Taberer*, "the magistrate held an evidentiary hearing, found contempt, and then referred the matter to the district court, which treated the magistrate's decision as a proposed finding and recommendation pursuant to section 636(b)(1)(B). The court of appeals held that this procedure was not authorized by section 636(e) . . .")

Dated at Wichita, Kansas this 11th day of March, 2020.

                                          s/ Gwynne E. Birzer
                                          Honorable Gwynne E. Birzer
                                          U.S. MAGISTRATE JUDGE