IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.      )
                         )
          *Plaintiff*,    )
                         )
v                       )    Case No.:  19-1138-EFM
                         )
ALONZO ANDERSON,      )
                         )
         *Defendant*.   )

**MEMORANDUM AND ORDER**

Plaintiff/Judgment Creditor KCI Auto Auction, Inc. (KCI), obtained a judgment against Defendant/Judgment Debtor Alonzo Anderson in the United States District Court for the Western District of Missouri, and registered that foreign judgment in this Court.[1] Thereafter, KCI served Anderson with post-judgment interrogatories and requests for document production. Anderson did not respond, so KCI filed a motion to compel.  The Court filed a Notice of Hearing and Order to Show Cause, setting a responsive hearing date of October 4, 2019.  Service of the Notice was accomplished by mail, but the Court also directed the United States Marshal to personally serve Anderson.  But Anderson evaded service, and did not appear at the hearing.

Due to Anderson's failure to respond or appear, the Court granted KCI's request to compel responses, "fully and without objection," to the outstanding discovery requests.[2] Anderson was ordered to bring his responses to the Court for a hearing on November 6, 2019,

---

[1]  The history of this case is long and complicated, but is set forth in more detail in an Order entered by the Magistrate Judge in this case on October 22, 2019, set forth at Doc. 23; and in an Order Certifying Facts entered by the Magistrate Judge in this case on March 11, 2020, set forth at Doc. 27.

[2]  In issuing the order that Anderson respond to the discovery requests "without objection," the Magistrate Judge noted that Fed. R. Civ. P. 33 provides that grounds for objecting must be stated with specificity, and that any ground not stated in a timely filed objection is waived unless the court excuses the failure for good cause.

and was cautioned that failure to comply may result in a finding of contempt of this Court's orders, with possible sanctions including monetary fines and/or incarceration.

Anderson failed to respond or appear on the date ordered, and KCI requested that Anderson be held in civil contempt.  The Magistrate Judge certified to the District Judge that it was appropriate for a United States Marshal to serve a Show Cause Order on Anderson, requiring him to appear before the District Judge and show cause why he should not be held in contempt.  The undersigned District Judge issued a Show Cause Order, requiring Anderson to appear on May 22, 2020, and show cause why he should not be held in contempt, or why other appropriate sanctions should not be imposed by the Court.[3]

The Unites States Marshal again attempted personal service on Anderson, who again evaded service.  However, KCI mailed a copy of the Show Cause Order, as well as the Amended Show Cause order, including login information for the Zoom video conference, to Anderson. The Court finds that under the facts of this case, such service was sufficient, effective and complete, pursuant to Fed. R. Civ. P. 77(d)(1) and 5(b)(2)(C).  Anderson did not appear at this hearing.

A review of the record of proceedings in this case, both in the District of Kansas and in the Western District of Missouri,[4] convinces the Court that, due to Anderson's persistent failure to adhere to court orders, including his most recent failure to appear and show cause why he should not be held in contempt, he should be held in civil contempt.  The Court further concludes

---

[3]  This Order was subsequently amended to a hearing via Zoom conference, due to concerns related to the ongoing COVID-19 virus.

[4]  A similar series of non-responsiveness, and failure to appear by Anderson, occurred in the proceedings in the Western District of Missouri.  The Court has not detailed those matters in this Order, but as noted in footnote 1, information regarding them may be obtained in Docs. 23 and 27 in this case.

that, due to Anderson's practice of evading service by the U. S. Marshal, the United States Marshal should be directed to arrest Anderson and bring him before the Court.

**IT IS THEREFORE ORDERED** that Defendant/Judgment Debtor Alonzo Anderson is found to be in civil contempt of Court;

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to issue a Writ of Body Attachment, directing the United States Marshal for the District of Kansas to arrest and detain Alonzo Anderson and to bring him before the Court.  The Marshal is authorized to use reasonable force in arresting him.

**IT IS FURTHER ORDERED** that Anderson shall be incarcerated in a facility selected by the United States Marshal's Service until such time as he purges himself of contempt by answering, fully and completely and without objection, the discovery requests served upon him by Plaintiff/Judgment Creditor KCI Auto Auction, Inc. in this case.

**IT IS FURTHER ORDERED** that monetary sanctions in the amount of $500 a day shall accrue against Anderson for each day of noncompliance following the date of this Order.

**IT IS FURTHER ORDERED** that Anderson is enjoined from selling, transferring, pledging, encumbering or disposing of any assets owned by him or under his control, directly or indirectly, without further order of the Court, until such time as his contempt has been purged.

The Court notes that these sanctions are imposed for the purpose of requiring and enforcing compliance with the Court's prior orders, and to compensate KCI for expenses and losses sustained due to Anderson's noncompliance.  As such, Anderson himself holds the key to his freedom from incarceration.  The coercive nature of the incarceration and of the fines will cease as soon as the Court is satisfied that Anderson has purged his contempt by complying with the Court's order regarding KCI's discovery requests.

**IT IS SO ORDERED.**

Dated this 26th day of May, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE