# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCI AUTO AUCTION, INC., ) | |
| ) | |
|        Judgment Creditor, ) | |
| ) | |
| vs. ) | Case No. 19-1138-EFM-GEB |
| ) | |
| ALONZO D. ANDERSON ) | |
| ) | |
|        Judgment Debtor. ) | |
| ) | |

## ORDER

This matter comes before the Court on Judgment Debtor, Alonzo Anderson's efforts to challenge this Court's jurisdiction to preside over the legal matters in this case.[1] In 2018, KCI Auto Auction, Inc. registered its money judgment against Mr. Anderson from the Western District of Missouri in the amount of $443,957.85 pursuant to 28 U.S.C. § 1963 and seeks to enforce that judgment pursuant to Fed. R. Civ. 69. Although he initially questions this Court's jurisdiction, Mr. Anderson seeks relief from the judgment entered against him in WD MO and from this Court's contempt order under Fed. R. Civ. P. 60(b). For the reasons set forth below, his Motion is **DENIED**.

## I. Background

The Court previously fully set forth the protracted history of this case in the United States District Court for the Western District of Missouri ("WD MO"), the Eighth Circuit Court of Appeals, and this District in its Order Certifying Facts Pursuant to 28 U.S.C. §

---

[1] Alonzo Anderson's Motion Asking the Court to Show How They Have Subject Matter Jurisdiction Under 28 U.S.C. § 1332 ("Motion") **(ECF No. 53)**.

636(e)(6)[2] and will not repeat it here. However, regurgitation of certain facts is necessary to consider Mr. Anderson's arguments and to rule on his Motion.

On July 17, 2018, Judgment Creditor KCI Auto Auction, Inc. ("KCI") registered a foreign judgment in this Court for enforcement against Judgment Debtor Alonzo Anderson.[3] The judgment was entered in a case filed by KCI against Mr. Anderson in WD MO, captioned *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al.*, No. 17-6086-SJ-NKL alleging fourteen claims.[4] Specifically, KCI brought suit against Mr. Anderson and others alleging breach of contract, action on account, promissory estoppel, account stated, fraudulent misrepresentation, fraudulent conveyance, unjust enrichment and quantum merit, conversion, replevin, civil conspiracy, constructive trust, injunctive relief, negligence per se and alter ego/piercing the corporate veil.[5] The allegations arise from business transactions involving vehicles Mr. Anderson and the other defendants purchased from KCI.[6] In short, KCI, a wholesale motor vehicle auctioneer located in Missouri, sold vehicles to Mr. Anderson and others pursuant to a "floor plan" credit account for which Mr. Anderson and the others, after taking possession of the vehicles, did not pay in full.[7]

---

[2] ECF No. 27.
[3] ECF No. 1. This case was initially filed in 2018 in the District of Kansas with an assigned "miscellaneous" action case number; however, when the matter became contested, the miscellaneous action was converted into a regular civil action; hence the "19" case numbers.
[4] *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al.,* No. 17-6086-SJ-NKL (W.D. Mo., filed July 24, 2017).
[5] *Id.* at First Amended Complaint (ECF No. 41, filed Sept. 12, 2017).
[6] *Id.*
[7] *Id.* at Order on Plaintiff's Motion for Summary Judgment (ECF No. 115 at 1-3, filed April 13, 2018).

Litigation on the merits of KCI's claims against Mr. Anderson ended after WD MO granted KCI's motion for summary judgment on April 13, 2018.[8] The court found KCI had a valid contract with Mr. Anderson as the result of an oral "floor plan" agreement it made with two other defendants, who were found to be agents acting on behalf of Mr. Anderson.[9] The court also found Mr. Anderson signed and executed an "Auction Guarantee," in which Mr. Anderson personally guaranteed full payment of any debts.[10] Thus, the court found Mr. Anderson liable to KCI for $443,957.85 in damages.[11]

Mr. Anderson appealed the summary judgment decision to the Eighth Circuit Court of Appeals,[12] but the appeal was dismissed for his failure to prosecute.[13] On April 15, 2019, Mr. Anderson filed a Motion for Relief from Judgment,[14] which was denied on July 8, 2019.[15] Mr. Anderson appealed the denial to the Eighth Circuit.[16] This time Mr. Anderson prosecuted his appeal. The Eighth Circuit concluded the district court did not abuse its discretion in denying Mr. Anderson's Fed. R. Civ. P. 60(b) motion and affirmed the District Court's decision.[17]

---

[8] *Id.* The Western District summary judgment order is the foreign judgment KCI registered in this Court for enforcement.
[9] *Id*.
[10] *Id*.
[11] *Id*.
[12] *Id.* at Notice of Appeal (ECF No. 116, filed May 15, 2018).
[13] *Id.* at Judgment (ECF No. 122, filed July 2, 2018).
[14] *Id.* at Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 179, filed April 15, 2019).
[15] *Id.* at Order (ECF No. 200, filed July 8, 019).
[16] *Id.* at Notice of Appeal (ECF No. 203, filed August 5, 2019).
[17] *Id.* at Judgment (ECF No. 207, filed May 14, 2020).

After a flurry of contempt proceedings in this Court with the other defendants, there were prolonged unsuccessful efforts to compel Mr. Anderson to respond to discovery and he failed to appear at two show cause hearings. The Court commenced contempt proceedings against Mr. Anderson which resulted in the issuance of a Writ of Body Attachment. After a years' long effort to perfect service of the Writ of Body Attachment, having finally been served Mr. Anderson now challenges this Court's jurisdiction. Having considered the parties' arguments, the Court is now prepared to rule.

## II.     Motion Asking the Court to Show How They Have Subject Matter Jurisdiction Under 28 U.S.C. § 1332

Mr. Anderson first argues this Court does not have subject matter jurisdiction because the parties are not completely diverse and the case does not involve the requisite $75,000 in controversy. Next, Mr. Anderson raises arguments he raised in his Rule 60(b) motion in WD MO: 1) KCI has committed a fraud upon the Court; 2) the "Auction Guarantee" where he purportedly personally guaranteed full payments of any debts was forged making the underlying judgment void; and 3) Missouri statute requires commercial loans be in writing and where there was not a written "floor plan." And lastly, Mr. Anderson seeks to vacate Judge Melgren's contempt order based upon Rule 60(b). KCI opposes all. Before addressing Mr. Anderson's arguments pursuant to Fed. R. Civ. P. 60(b), the Court deems it appropriate to first address Mr. Anderson's challenge of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Mr. Anderson asks the Court to prove it has subject matter jurisdiction. He argues the Court does not have subject matter jurisdiction because the parties are not completely diverse. Mr. Anderson is correct in that federal courts are courts of limited jurisdiction.[18] "Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship."[19] But, subject matter jurisdiction in this case is not based upon the diversity of the parties; the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1963 which states "[a] judgment in an action for the recovery of money or property entered in any…district court…may be registered by filing a certified copy of the judgment in any other district…when the judgment has become final by appeal….A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." It is important to note, Section 1963 was passed "to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter."[20] Once a foreign judgment is registered in the District of Kansas, the Court

---

[18] *Abouelenein v. Kansas City Cmty. Coll.*, No. 18-2670-DDC, 2020 WL 1528500, at *3 (D. Kan. Mar. 31, 2020).
[19] *Id.* (citing 28 U.S.C. §§ 1331-32).
[20] *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 407 (5th Cir. 2001) (quoting *Stanford v. Utley,* 341 F.2d 265, 270 (8th Cir. 1965)).

here has jurisdiction to enforce it.[21] Unfortunately enforcement of this lawful federal judgment has been anything but simple.

      **B.**      **Arguments Raised and Decided in WD MO**

Mr. Anderson argues WD MO did not have jurisdiction and begs this Court to dismiss this enforcement action and vacate the judgment in WD MO. But Mr. Anderson unsuccessfully raised this issue in WD MO and on appeal to the Eighth Circuit. Because Mr. Anderson proceeds pro se, his pleadings must be construed liberally.[22] However, the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[23] Mr. Anderson has set forth no basis for the Court relitigate these issues here.

KCI argues the Court should analyze this case based on the law of the case, mandate rule, and res judicata. Pursuant to the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."[24] A corollary of the law of the case doctrine, the mandate rule, requires a district court on remand to "comply strictly with the mandate rendered by the reviewing court."[25] Although the Eighth Circuit Court of Appeals affirmed WD MO's ruling on Mr.

---

[21] *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974), *cert. denied*, 94 S. Ct. 2654 (1974). *See also Hoskinson v. High Gear Repair, Inc.*, No. 11-1190-JTM (D. Kan. Sept. 30, 2011) (ECF No. 11) ("Once a judgment from a United States District Court is registered with a second United States District in another state, the second District Court has jurisdiction to enforce the judgment.")
[22] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[23] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[24] *Arizona v. California*, 460 U.S. 605, 618 (1983).
[25] *Colorado Interstate Gas Co. v Nat. Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir. 1992).

Anderson's Rule 60(b) motion, this case is not on remand from the Eighth Circuit. And, KCI has not cited to any case which would indicate an enforcement action brought pursuant to 28 U.S.C. § 1963 registering a money judgment from another court, as was done here, is the "subsequent stage of the same case" as the action brought in WD MO.

Law of the case "rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."[26] "They do not apply between separate actions, even if they are related."[27] The corollary of the law of the case, the mandate rule, "is often employed to express the principle that an inferior tribunal is bound to honor the mandate of a superior court within a single judicial system."[28] "There is nothing surprising about the basic principle, which inheres in the nature of judicial hierarchy…."[29] An enforcement action in WD MO would clearly be subject to the law of the case and the mandate rule. Although the Court understands why KCI would argue the enforcement action is the same case as the case in WD MO, where this enforcement is taking place in a separate federal district court which is not an inferior tribunal to the Eighth Circuit Court of Appeals, as WD MO is, it is appropriate to analyze this case based upon res judicata.

"The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel."[30] "Res judicata and collateral estoppel relieve parties of the cost

---

[26] 18B C. Wright & A. Miller, *Fed. Prac. & Proc.* § 4778 (3d ed).
[27] *Id.*
[28] 18B C. Wright & A. Miller, *Fed. Prac. & Proc.* § 4778.3 (3d ed).
[29] *Id.*
[30] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

7

and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."[31] "Under res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"[32] "Res judicata generally applies where there is an identity of parties and of claims and a final judgment on the merits."[33] "It bars both claims that were actually litigated and those that were or could have been raised in the first action."[34] "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based upon the same cause of action; and (4) [the party against whom the doctrine is raised] must have had full and fair opportunity to litigate the claim in the prior suit."[35]

The matter in WD MO ended with a judgment on the merits. KCI sought summary judgment on nine of the fourteen claims alleged against Mr. Anderson in its First Amended Complaint: 1) breach of contract; 2) action on account; 3) account stated; 4) fraudulent misrepresentation; 5) fraudulent conveyance; 6) unjust enrichment and quantum meruit; 7) conversion; 8) negligence per se; and 9) alter ego/piercing the corporate veil. Judgment

---

[31] *Allen*, 449 U.S. at 94 (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).
[32] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (quoting *Allen*, 449 U.S. at 94).
[33] *Id.* (citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).
[34] *Id.*
[35] *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 975 F.2d 683, 686 (10th Cir. 1992)).

was entered against Mr. Anderson on eight claims and KCI voluntarily dismissed without prejudice, the remaining six claims. Thus, the first element is met.

The parties in WD MO and here both include KCI and Mr. Anderson so the second element is also met. The third element requires the suits be based on the same cause of action. Where this action is simply to enforce the judgment entered in WD MO against Mr. Anderson, the Court finds it is based on the same cause of action as the case there. And finally, Mr. Anderson must have had a full and fair opportunity to litigate the claim in the prior suit. "A failure of this type is evidenced by 'a deficiency that would undermine the fundamental fairness of the original proceedings.'"[36] Mr. Anderson filed an Answer in WD MO. He filed a response to KCI's motion for summary judgment. And he appealed the entry of the order granting summary judgment to the Eight Circuit Court of Appeal, which was dismissed due to Mr. Anderson's failure to prosecute his appeal. He had a full and fair opportunity to litigate the claims in WD MO. Where all four elements are met, the Court finds res judicata bars all facts or defenses Mr. Anderson raised or could have raised in WD MO.

Specifically, Mr. Anderson raised the following facts and defenses in WD MO which res judicata bars him raising here. The purported fact the "Auction Guarantee" he signed personally guarantying full payments of any debts was forged making judgment in WD MO void ab initio was raised in both his response to a motion for summary judgment and in his Rule 60(b) motion in WD MO. The purported fact KCI committed a fraud upon

---

[36] *Nwosun*, 124 F.3d at 1257 (quoting *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988)).

the court was raised it in the Rule 60(b) motion there. Mr. Anderson specifically alleged KCI committed fraud by propounding requests for admission it knew were false and then relied on them to obtain a fraudulent ruling when he failed to respond and they were deemed admitted. He also raised the defense of Missouri Statute 432.047 requiring all commercial loans be in writing in his response to KCI's motion for summary judgment.

Mr. Anderson now raises an Equal Protection argument under the 14th Amendment that was not explicitly raised in WD MO. However, this argument is tied to two affidavits KCI submitted in support of its motion for summary judgment in WD MO and the court's ruling on his forgery and statute of frauds arguments. He claims he was treated differently than the other defendants in the WD MO case. Mr. Anderson's argument is not completely clear to the Court, however, as it relates to his treatment in WD MO and that court's rulings on KCI's motion for summary judgment, the Court finds this claim could have been raised in WD MO and is barred. Res judicata "bars both claims that were actually litigated and those that were or could have been raised in the first action."[37]

### C.    District of Kansas Post-Judgment Discovery

Mr. Anderson alleges KCI purposefully sent post-judgment discovery to the wrong address to obtain a favorable ruling. It is not completely clear, but the Court interprets this argument to mean KCI purposely mailed its post-judgment interrogatories served in this case to the wrong address to obtain a contempt order in this Court. Mr. Anderson alleges he notified the Court and KCI of a new mailing address, but KCI mailed the interrogatories

---

[37] *SIL-FLO, Inc.*, 917 F.2d at 1520.

to his former address. Where this issue was not raised in WD MO, it is not barred by res judicata.

Fed. R. Civ. P. 60(b) allows a court on motion and just terms to "relieve a party…from a final judgment, order, or proceeding" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Here, Mr. Anderson alleges KCI committed a fraud on the court by knowingly mailing the interrogatories to the wrong address to obtain a contempt order. A motion under Fed. R. Civ. P. 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or date of the proceeding."[38] Mr. Anderson's motion is based on reason (3) fraud. Judge Melgren's Memorandum and Order finding Mr. Anderson in civil contempt and the Order Directing Clerk to Issue Writ of Body Attachment were both entered on May 26, 2020. By Mr. Anderson's own doing, this Rule 60(b) motion was not filed until February 15, 2023, nearly three years after the entry of Judge Melgren's orders.

---

[38] Fed. R. Civ. P. 60(c)(1).

11

Before finding Mr. Anderson's motion regarding the contempt orders of this Court untimely, the Court will review his argument the discovery and the contempt orders were sent to the wrong address. KCI served its post-judgment interrogatories and requests for production on Mr. Anderson on March 15, 2019[39] and again, Judge Melgren's orders were entered on May 26, 2020.[40] KCI went to great lengths to show Mr. Anderson was using the Dellrose address, where the interrogatories and contempt orders were mailed, at the relevant times. The Court will not reiterate all of the facts set out by KCI showing Mr. Anderson used the Dellrose address in WD MO, here, and in the Eighteenth Judicial District during the relevant time period. But notably, the civil contempt order in WD MO was mailed to Mr. Anderson on March 11, 2019, three days prior to service of the discovery at issue, to the Dellrose address and a green card documenting service at the address was filed.[41] Mr. Anderson's Rule 702 Testimony by Expert Witness in WD MO[42] was filed on April 15, 2019, one month after KCI served its post-judgment discovery here. Both, the signature block on the filing, and the envelope sending the filing to the court clerk use same the Dellrose address. And, on November 19, 2019, December 5, 2019, and December 29, 2020, Mr. Anderson signed and swore to the truthfulness of the contents of pleadings filed in the probate of his parent's estates all of which state Mr. Anderson is a resident of Sedgwick County, Kansas whose address is 2551 North Dellrose Street, Wichita, Kansas

---

[39] ECF No. 7.
[40] ECF Nos. 37 and 38.
[41] WD MO ECF Nos. 158 and 168.
[42] WD MO ECF No. 176.

67220.[43] The Court again finds Mr. Anderson's protestations KCI and the Court used the wrong address completely incredible having previously, during the contempt hearing, determined Mr. Anderson's testimony as to the Dellrose address to be uncredible.

Where there is no weight to Mr. Anderson's allegations the interrogatories or the contempt order were not sent to him at the correct address and Mr. Anderson's motion was not filed within one year of the contempt order, the Court finds Mr. Anderson's motion to vacate Judge Melgren's contempt order untimely and therefore denies same.[44]

For the reasons set forth herein, Judgment Debtor, Alonzo Anderson's Motion Asking the Court to Show How They Have Subject Matter Jurisdiction Under 28 U.S.C. § 1332 **(ECF No. 53)** is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of May, 2023.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[43] ECF No. 60-1through 60-3.
[44] *Craft v. Glob. Expertise in Outsourcing*, 657 F. App'x 730, 732 (10th Cir. 2016) (10th Cir. found district court did not abuse its discretion in concluding motion for relief, filed more than a year after the latest identified order, was untimely). *See also Apodaca v. Corizon Health Care,* 752 F. App'x 551, 553 (10th Cir. 2018) and *Judy v. Obama*, 695 F. App'x 410, 411 (10th Cir. 2017).