# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCI AUTO AUCTION, INC., | ) |
|                 **Judgment Creditor,** | ) |
| vs. | ) Case No. 19-1138-EFM-GEB |
| ALONZO D. ANDERSON | ) |
|                 **Judgment Debtor.** | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Judgment Debtor, Alonzo Anderson's Motion for Rule 11 Sanctions ("Motion") **(ECF No. 68)**. Anderson generally alleges when Judgment Creditor, KCI Auto Auction, Inc. ("KCI") filed its Amended Complaint against he, Lucky 7 Used Cars LLC, Lucky 7 Discount Auto Sales, and six other co-defendants in the Western District of Missouri[1] its counsel made false and misleading statements based upon certain sales contracts attached to the Amended Complaint[2] which Mr. Anderson alleges were falsified. He also alleges counsel, in response to his Motion to Dismiss, fabricated evidence related to an Auction Guarantee.[3] After careful consideration of the parties' arguments, the Court is now prepared to rule, and for the reasons set forth below, the Motion is **DENIED.**

---

[1] *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al.,* No. 17-6086-SJ-NKL (W.D. Mo., filed July 24, 2017).
[2] *Id.* at First Amended Complaint (ECF Nos. 41-1 through 41-3).
[3] *Id.* at Plaintiff's Response and Suggestions in Opposition to Motion to Dismiss (ECF No. 88-1 at 45).

1

**I.     Background**

The Court fully set forth the protracted history of this case in the United States District Court for the Western District of Missouri ("WD MO"), the Eighth Circuit Court of Appeals, and this District in its Order Certifying Facts Pursuant to 28 U.S.C. § 636(e)(6)[4] providing additional detail in its Order denying Alonzo Anderson's Motion Asking the Court to Show How They Have Subject Matter Jurisdiction Under 28 U.S.C. § 1332.[5] It will not be repeated in depth here. A short recitation of certain facts, however, is necessary to consider Mr. Anderson's arguments and rule on his Motion.

On July 17, 2018, KCI registered a foreign judgment in this Court for enforcement against Judgment Debtor Alonzo Anderson.[6] The judgment was entered in a case filed by KCI against Mr. Anderson in WD MO, captioned *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al.*, No. 17-6086-SJ-NKL.[7] The allegations arise from business transactions involving vehicles Mr. Anderson and other defendants purchased from KCI.[8] KCI, a wholesale motor vehicle auctioneer located in Missouri, sold vehicles to Mr. Anderson and others pursuant to a "floor plan" credit account for which Mr. Anderson and the others, after taking possession of the vehicles, did not pay in full.[9] The court found KCI had a valid

---

[4] ECF No. 27.
[5] ECF NO. 66.
[6] ECF No. 1. This case was initially filed in 2018 in the District of Kansas with an assigned "miscellaneous" action case number; however, when the matter became contested, the miscellaneous action was converted into a regular civil action; hence the "19" case numbers.
[7] *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al.,* No. 17-6086-SJ-NKL (W.D. Mo., filed July 24, 2017).
[8] *Id.*
[9] *Id.* at Order on Plaintiff's Motion for Summary Judgment (ECF No. 115 at 1-3, filed April 13, 2018).

contract with Mr. Anderson as the result of an oral "floor plan" agreement it made with two other defendants, who were found to be agents acting on behalf of Mr. Anderson.[10] The court also found Mr. Anderson signed and executed an "Auction Guarantee," in which Mr. Anderson personally guaranteed full payment of any debts.[11]

## II.  Motion for Rule 11 Sanctions

Mr. Anderson, as he is prone to do, in this Motion recirculates arguments about falsified contracts and a forged guaranty he unsuccessfully has raised in WD MO, the Eighth Circuit Court of Appeals, and in this District. In this incarnation, Mr. Anderson has crafted the arguments into a request for sanctions pursuant to Fed. R. Civ. P. 11. Perhaps because the arguments have been previously addressed ad nauseum, both parties address the substance of the purported misinformation and prior court rulings, but neither side discusses Rule 11. Since the relief sought are Rule 11 sanctions, this is where we must place our focus.

### A.  Legal Standard

Counsel by presenting a pleading, written motion, or any other paper to the court, pursuant to Fed. R. Civ. P. 11, makes certain representations to the court. They certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

---

[10] *Id*.
[11] *Id*.

argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."[12] Fed. R. Civ. P. 11(c) governs motions for sanctions for violation of Rule 11(b). Fed. R. Civ. P. 11(c)(2) imposes certain requirements on motions for sanctions. They "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)" and "must be served under Rule 5."[13] However, a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[14] "[T]he plain language of subsection (c)(1)(A) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion."[15] This "safe harbor" provision was added to Rule 11 in the 1993 amendment and is discussed by the Advisory Committee's Notes to the amendment.

> The rule provides that requests for sanctions must be made as a separate motion, *i.e.,* not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion

---

[12] Fed. R. Civ. P. 11(b)(1)-(4).
[13] Fed. R. Civ. P. 11(c)(2).
[14] *Id.*
[15] *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion.[16]

### B.  Discussion

#### i.  Anderson did not comply with provisions of Fed. R. Civ. P. 11(c)

In reviewing Mr. Anderson's motion, there is no indication he served his motion on counsel for KCI prior to filing it with the court or provided counsel with any warning such a motion was forthcoming. The Tenth Circuit, in *Roth v. Green*,[17] addressed a similar issue where counsel had sent a conferral or warning letter regarding the sanctions issue to comply with District of Colorado's local rule requiring conferral before a motion is filed, but had not sent served a copy of the motion itself. The Tenth Circuit discussed the reasons for requiring a copy of the motion be sent.

> The safe harbor provisions were intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court...." 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 722 (3d ed.2004). Thus, "a failure to comply with

---

[16] Fed. R. Civ. P. 11, advisory committee notes, 1993 Amendments.
[17] 466 F.3d 1179 (10th Cir. 2006).

them [should] result in the rejection of the motion for sanctions...." *Id.* at 723.[18]

The undersigned could deny the motion for sanctions on this basis alone. However, lest Mr. Anderson believe all he needs to do is send a copy of his proposed motion to counsel and refile the motion, the Court will turn to the substance of Mr. Anderson's allegations.

### ii.     Counsel did not violate Fed. R. Civ. P. 11(b)

The undersigned recently conducted a comprehensive review of the pleadings, motions, and rulings made in WD MO, as well as the rulings of the Eighth Circuit regarding the two appeals Mr. Anderson made from WD MO in order to decide Mr. Anderson's Motion Asking the Court to Show How They Have Subject Matter Jurisdiction Under 28 U.S.C. § 1332 (ECF No. 53).[19] Because Mr. Anderson proceeds pro se, his pleadings must be construed liberally.[20] However, the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[21] Based on the court's review of the prior rulings made in WD MO and before the Eighth Circuit, Mr. Anderson has set forth no basis for counsel having violated Fed. R. Civ. P. 11(b).

The WD MO and the Eighth Circuit addressed the issues Mr. Anderson raises here, i.e., his allegations the Auction Guarantee and 293 sales contracts presented by KCI's counsel were forged and his argument that Missouri statute required commercial loans be in writing. Both issues were raised by Mr. Anderson in his response to KCI's motion for summary judgment in the WD MO. The court there found Mr. Anderson had affirmed the relevant documents in his Answer to the

---

[18] *Roth*, 466 F.3d at 1192.
[19] ECF No. 66.
[20] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[21] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).

First Amended Complaint and by his failure to dispute the authenticity of the Auction Guarantee in response to a request for admission to admit its authenticity, had admitted the guarantee was authentic.[22] In short, they found the documents were not forged.

The WD MO also questioned whether the Missouri statute Mr. Anderson cited as requiring commercial loans be in writing applied in the case but went on to find, even if it did apply, Mr. Anderson was unable to overcome the Auction Guarantee, which was in writing, signed by Mr. Anderson, and personally guaranteed all of Lucky 7 Used Cars' debts.[23] Mr. Anderson appealed the WD MO decision on KCI's motion for summary judgment to the Eighth Circuit. The appeal was dismissed due to Mr. Anderson's failure to prosecute.[24] Mr. Anderson again raised the issue of forged documents again in his motion for relief from final judgment, which WD MO denied.[25] Mr. Anderson appealed the Order denying his Fed. R. Civ. P. 60(b) motion for relief from judgment. The Eighth Circuit upheld the WD MO decision on the motion.[26] Where the WD MO and Eighth Circuit considered the arguments raised here by Mr. Anderson and rejected them, the undersigned finds counsel for KCI did not present to the WD MO falsified information as Mr. Anderson alleges. Counsel did not violate Fed. R. Civ. P. 11(b) there.

For the reasons set forth above, Alonzo Anderson's Motion for Rule 11 Sanctions (**ECF No. 68**) is **DENIED.**

---

[22] *KCI Auto Auction, Inc. v. Alonzo D. Anderson*, *et al.,* No. 17-6086-SJ-NKL (Order on Plaintiff's Motion for Summary Judgment (ECF No. 115 at 6, filed April 13, 2018).
[23] *Id.* at 7-8.
[24] *Id.* at Judgement of United States Court of Appeals for the Eighth Circuit (ECF No. 122, filed July 2, 2018).
[25] *Id.* at Order (ECF No. 200, filed July 8, 2019).
[26] *Id.* at Judgement of United States Court of Appeals for the Eighth Circuit (ECF No. 207, filed May 14, 2020).

**IT IS SO ORDERED.**

Dated July 25, 2023 at Wichita, Kansas.

                                           s/ Gwynne E. Birzer
                                           GWYNNE E. BIRZER
                                           U.S. Magistrate Judge