IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.,

    *Plaintiff,*

vs.

    Case No. 19-1138-EFM-GEB

ALONZO D. ANDERSON,

    *Defendant.*

**NUNC PRO TUNC MEMORANDUM AND ORDER**

Before the Court are five Motions by Defendant Alonzo D. Anderson. These are Defendant's: (1) Motion to Vacate (Doc. 69); (2) Motion for Order (Doc. 74); (3) Motion for Writ (Doc. 75); (4) Motion to Quash (Doc. 76); and (5) Motion for Reconsideration of this Court's order imposing filing restrictions on Defendant (Doc. 107). Defendant is presently incarcerated at Butler County Adult Detention Facility for civil contempt charges after avoiding service of process by the United States Marshalls for over two years and disobeying this Court's direct orders. Because Defendant's other Motions are frivolous attempts to resurrect oft-failed arguments, the Court denies them all.

## I. Factual and Procedural Background

This case's long and arduous history has been set forth elsewhere and does not need repeating here. In short, "Mr. Anderson has been trying to evade enforcement of KCI's judgment against him in the [Western District of Missouri] for five years."[1] Most recently, Defendant's strategy to avoid judgment has been to flood this Court with "serial filing of pleadings recirculating the same arguments he made in [Western District of Missouri] and the Eighth Circuit."[2]

On July 24, 2023, Magistrate Judge Birzer issued her Report and Recommendation ("R&R") that the Court impose filing restrictions on Defendant. Before issuing her R&R, Judge Birzer reviewed the first four of the pending Motions. She concluded that within these Motions Defendant merely reasserted arguments previously raised before the Western District of Missouri and the Eighth Circuit. Characterizing his pending Motions as "vexatious and duplicative," Judge Birzer recommended that this Court require Defendant to seek the leave of this Court prior to filing any affirmative motions. The Court agreed. On August 17, 2023, the Court adopted Judge Birzer's R&R in full.

Defendant then brought his Motion for Reconsideration of this Court's order adopting Judge Birzer's R&R. Like the others, this Motion did not even attempt to set out any cognizable argument under the applicable standard. Instead, it copied Defendant's practice of recycling failed arguments, trying to relitigate the underlying issues of the case, and accusing Plaintiff and its counsel of all manner of malfeasance. Regardless, Defendant did not seek this Court's leave to file his Motion for Reconsideration.

---

[1] Report and Recommendations, Doc. 85, at 3 (adopted by this Court's order at Doc. 94).

[2] *Id.* at 4.

## II. Legal Standard

The Court has discretion whether to grant a motion to reconsider.[3] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[4] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[5] A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[6] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[7] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[8] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[9]

## II. Analysis

**A.   The Court denies each of Defendant's other Motions because they are frivolous, repetitive, and rely on arguments already rejected by this Court and others.**

As Judge Birzer accurately attested in her Report and Recommendation, Defendant's other Motions pending before this Court are "vexatious and frivolous." Instead of addressing

---

[3] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[6] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[7] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[8] *Voelkel*, 846 F. Supp. at 1483.

[9] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

substantive standards, Defendant recycles arguments raised before both the Western District of Missouri and the Eighth Circuit. Those arguments lost then—they are losing arguments now. Defendant's Motions are neither pertinent to the issues at hand nor particularly comprehensible. Rather, they are the epitome of frivolous, repetitive, and time-wasting filings, embodying the very reasons that the Court imposed filing restrictions on Defendant.

The Court also notes that Defendant has an appeal in this case pending before the Tenth Circuit. Defendant filed the Motions at Docs. 74, 75, and 76 after Defendant appealed his case to the Tenth Circuit. Although the Court would normally abate any motions filed by Defendant in this Court while his appeal is pending, the Court need not delay adjudicating frivolous filings. Therefore, the Court denies each of Defendant's Motions.

## B.     The Court denies Defendant's Motion for Reconsideration.

Having reviewed Defendant's Motion, the Court finds it incorporates the same frivolous arguments as Defendant's other Motions. Defendant makes no attempt to address the relevant standards for a motion to reconsider. His losing arguments—accusing this Court of lacking jurisdiction and baselessly alleging Plaintiff's counsel's malfeasance—have no more success here than elsewhere, especially because a motion to reconsider is the epitome of an improper place to raise arguments that previously failed. Thus, the Court denies Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's other pending Motions (Docs. 69, 74, 75, and 76) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration (Doc. 107) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2023.

-5-

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE