IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KCI AUTO AUCTION, INC., | ) |
| | ) |
|         Judgment Creditor, | ) |
| | ) |
| vs. | )   Case No. 19-1138-EFM-GEB |
| | ) |
| ALONZO D. ANDERSON | ) |
| | ) |
|         Judgment Debtor. | ) |
| | ) |

**ORDER**

The Court held a Status Conference in this matter. Judgment Creditor appeared through counsel, Shawn Stewart. Judgment Debtor Alonzo Anderson ("Anderson"), *pro se*, appeared in person. The Court reviewed Anderson's efforts to comply with its Order of November 22, 2023 (ECF No. 133) and noted his deficiencies.

**A.**  **November 22, 2023 Order**

Mr. Anderson had been previously ordered three times to provide information regarding his Boeing pension, Social Security benefits, and financial institutions for any accounts he or any Lucky 7 entity affiliated with him has maintained. Through the various status conferences Anderson never provided the Court with full information ordered on these topics. Rather he unwillingly provided small tidbits of information with which Judgment Creditor could then pursue additional information via subpoena. At the November 22, 2023 conference the scope of the Court's order on these topics was narrowed as follows:

> 1) Anderson was ordered to produce to the undersigned's chambers a copy of the current debit card his Social Security Benefits are loaded on and a copy of the most recent check from Boeing no later than December 6, 2023;

1

2) As to any bank accounts Anderson or any Lucky 7 entity affiliated with Anderson has maintained at any time from January 1, 2014 through the present, other than the Wells Fargo and City National Bank accounts previously identified, Anderson was ordered to provide the name, address, and account numbers of any such account to the undersigned's chambers by the same date; and

3) Continuing to doubt Anderson's credibility regarding his claims he had no documents at his home, he was again ordered, no later than December 20, 2023, to make arrangements to produce any documents responsive to RFP Nos. 3, 7, 10-11, 14, 27-28, 37, 50, 53-54, and 67 kept at his home. If there were no responsive documents found, by the same date, for each enumerated request he was to provide the name of the person sent to search for responsive documents, the address of the property searched, on what date the property was searched, and he was ordered to certify no responsive documents were located.

**B.     Limited Compliance with the Court's November 22, 2023 Order**

In his initial response, received a day after the December 6th deadline, Anderson provided limited information regarding his Boeing benefits, only reiterating he received those benefits via check. He indicated additional information regarding his Social Security benefits would be provided in his next response and he addressed any additional banks he or the Lucky 7 entities had. Regarding any additional banks associated with himself or the Lucky 7 entities, Anderson neither identified any additional accounts, nor did he certify there were none.

On December 22, 2023, this time two days beyond the Court's deadline, Anderson provided his next response. He indicated he previously provided information regarding his Boeing pension, which he did not, and while not providing a copy of the debit card associated with his Social Security benefits, he did provide an account number for a Direct Express Debit Card issued by Comerica Bank upon which his Social Security benefits had been loaded. Anderson neither produced any documents responsive to RFP Nos. 3, 7, 10-11, 14, 27-28, 37, 50, 53-54, and 67 nor identified any person sent to his home to search for documents, along with the other requested information, and certified there were no documents.

### C. Current Orders

The information Anderson provided regarding the Direct Express Debit Card was not nearly as helpful or benign as the Court originally believed. During the January 23, 2024 conference, counsel for Judgment Creditor advised Anderson, in his December 22nd response, transposed the last four digits of the account number, possibly intentionally. Additionally, counsel advised the Comerica Bank records show on the exact same date the Court initially ordered Anderson to produce a copy of the debit card, Anderson's original card was deactivated and a new card was issued. And of course, Anderson provided the Court with the number for the original, discontinued debit card. Although the Court has witnessed Anderson change course regarding his testimony about financial accounts, credit cards, insurance policies and the like in his name during the course of these many status conferences, any remaining shred of the Court's belief in Anderson's credibility was destroyed with the presentation of this most recent information. Despite all this, with the information Anderson provided augmented with additional information obtained through subpoena to State Farm, the Judgment Creditor was able to issue a subpoena to Comerica Bank on the debit card and obtain relevant information regarding Anderson's Social Security benefits. As such, the Court is satisfied the information provided regarding Social Security benefits is sufficiently discovered. However, the Court finds Anderson has neither complied with its order regarding his Boeing pension nor has he fulfilled his duty to respond or produce documents responsive to RFP Nos. 3, 7, 10-11, 14, 27-28, 37, 50, 53-54, and 67. Based on Judgement Creditor's representation the Lucky 7 entities last had any activity in 2017, the Court reserves making any ruling on Anderson's compliance with its order regarding any additional bank accounts associated with himself or the Lucky 7 entities.

**IT IS THEREFORE ORDERED** no later than **May 31, 2024**, Anderson shall: 1) produce to the undersigned's chambers a copy of his most recent check from Boeing; 2) make arrangements to produce any documents responsive to RFP Nos. 3, 7, 10-11, 14, 27-28, 37, 50, 53-54, and 67 kept at his home, if there are no responsive documents found, by the same date, for each enumerated request Anderson shall provide the name of the person sent to search for responsive documents, the address of the property searched, on what date the property was searched, and he shall certify no responsive documents were located; and 3) identify all funds withdrawn in cash from the Comerica Bank account from the time of his incarceration in November 2022 to the present, identify all persons who have withdrawn cash from the account since his incarceration, inform the Court where such withdrawn cash funds are currently located, and if these funds are being used to pay bills as claimed, provide an accounting for all funds withdrawn from November 2022 to the present.

**IT IS FURTHER ORDERED** the parties shall appear for a Status Conference on **June 18, 2024 at 1:30 p.m. in Wichita Courtroom 326.**

**IT IS SO ORDERED.**

Dated this 24th day of January 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
