IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KCI AUTO AUCTION, INC.,

    *Plaintiff,*

vs.

    Case No. 19-1138-EFM-GEB

ALONZO D. ANDERSON,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court are two Motions for Stay of Execution by Defendant Alonzo D. Anderson (Docs. 143 and 150).[1] Defendant is presently incarcerated at Butler County Adult Detention Facility for civil contempt charges after avoiding service of process by the United States Marshalls for over two years and disobeying this Court's direct orders. Because Defendant's Motions are nothing more than frivolous attempts to resurrect oft-failed arguments, the Court denies them both.

This case's long and arduous history has been set forth elsewhere and does not need repeating here. In short, "Mr. Anderson has been trying to evade enforcement of KCI's judgment

---

[1] Doc. 143 was originally filed as a "Motion for Stay of Execution." However, Doc. 143 merely asks for permission to file a motion for stay of execution. In a sense, Doc. 150 is the real Motion. But since they seek essentially the same thing, the Court will address them together.

against him in the [Western District of Missouri] for five years."[2] Most recently, Defendant's strategy to avoid judgment has been to flood this Court with "serial filing of pleadings recirculating the same arguments he made in [the Western District of Missouri] and the Eighth Circuit."[3]

On July 24, 2023, Magistrate Judge Birzer issued her Report and Recommendation ("R&R") that the Court impose filing restrictions on Defendant, recognizing Defendant's practice of making multiplicious "vexatious and duplicative" motions. Judge Birzer recommended that this Court require Defendant to seek the leave of this Court prior to filing any affirmative motions. On August 17, 2023, the Court adopted Judge Birzer's R&R in full.

After filing restrictions were in place, Defendant attempted to file the two pending Motions. Although the Court had its doubts about whether Defendant would raise anything helpful, it decided to give Defendant one last chance to argue something new or at least relevant to a typical motion for stay of execution. Therefore, the Court allowed Defendant to file the two present Motions.

Unfortunately, Defendant has proved once again that any benefit of the doubt the Court may extend is utterly wasted upon him. Defendant raises *the exact same arguments* as before, or variations thereof. Namely, he spends his Motions arguing that the Court lacks personal and subject matter jurisdiction over him while accusing Plaintiff KCI Auto Auction, Inc. of all manner of fraudulent conduct. He also accuses Judge Birzer of lacking authority over his case, and raises the same lame-horse excuses about his change of address as he has tried to argue numerous times before. These are exactly the type of "vexatious and frivolous" motions for which the Court

---

[2] Doc. 85 at 3.

[3] *Id.* at 4.

imposed filing restrictions in the first place. Because the Court finds that Defendant's Motions lack any merit, it denies them both.

Defendant has prevailed upon this Court's nearly unending patience long enough.[4] No further frivolous filing will be tolerated.

**IT IS THEREFORE ORDERED** that Defendant's Motions (Docs. 143 and 150) are **DENIED.**

**IT IS SO ORDERED.**

Dated this 15th day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court includes "nearly" because that patience is at an end.